**Robert W. GLADFELTER, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

No. 8:CV93–00475.

United States District Court,
D. Nebraska.

Jan. 13, 1995.

---

Robin L. Binning, Bertolini, Schroeder & Blount Law Firm, Bellevue, NE, for plaintiff.

Timothy D. Loudon and Christopher R. Hedican, Berens & Tate Law Firm, Omaha, NE, for defendant.

## ORDER

JAUDZEMIS, United States Magistrate Judge.

This matter is before me pursuant to 28 U.S.C. § 636 and the referral of Judge Strom on plaintiff's motion for protective order and request for oral argument (filing No. 41). The request for oral argument is denied. *See* NELR 7.1(e).

In case, the plaintiff alleges that he sustained emotional trauma and pain and suffering due to discrimination he suffered as an employee of defendant Wal–Mart and his subsequent termination from employment. Defendant seeks to depose plaintiff's former girlfriend, Jeanette Carol, on January 20, 1995 in St. Louis, Missouri. In the instant motion, plaintiff contends that defendant should be prohibited from deposing Ms. Carol because the deposition is not likely to produce admissible and relevant information; defendant seeks to depose Ms. Carol for the sole purpose of causing plaintiff embarrassment, annoyance, oppression, or undue burden or expense.

■ Fed.R.Civ.P. 26(b)(1) provides that parties may obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

Discovery rules are to be "broadly and liberally construed" in order to serve the purpose of discovery, which is to provide the parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement. *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 145 F.R.D. 92, 94 (S.D.Iowa 1992). A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. *Id.*

■ Plaintiff has affirmatively placed his emotional well being in issue. Plaintiff's own expert witness opines that a significant cause of plaintiff's emotional distress was the deterioration of plaintiff's relationship with the proposed deponent, Jeanette Carol. (Dr. Baumstark report, Ex. A to defendant's brief). On these grounds, the court agrees with defendant that the deposition of Ms. Carol appears reasonably calculated to lead to the discovery of admissible evidence as permitted by Rule 26(b)(1).

Turning to the matter of "undue burden or expense," the court finds that plaintiff is not entitled to be reimbursed by defendant for the expenses associated with attending the St. Louis deposition. In any event, defendant informs the court that it has agreed that plaintiff's attorney may participate in the deposition telephonically.

Rule 37(a)(4)(B) provides that, if a Rule 26(c) motion is denied, "the court *shall,* after affording an opportunity to be heard [1], require the moving party or the attorney filing the motion or both of them to pay to the party ... who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees ..." The court finds that plaintiff's making of the instant motion was not substantially justified, and that defendant is entitled to recover its costs in opposing the motion pursuant to Fed.R.Civ.P. 37(a)(4)(B). Accordingly, defendant will be required to submit an affida-

---

**1.** The court does not interpret this provision to require oral argument on the issue of costs and sanctions.

vit attesting to the time and expenses incurred in opposing the instant motions. Plaintiff will be required to respond to defendant's affidavit regarding time expended and expenses incurred. Thereafter, the matter of sanctions will be deemed at issue and a written order entered.

IT IS ORDERED:

1. Plaintiff's motion for protective order and request for oral hearing (filing No. 41) is denied.

2. Defendant is entitled to an award of costs pursuant to Fed.R.Civ.P. 37(a)(4)(B). The parties shall be heard on this matter as follows:

a. Defendant shall serve and file an affidavit concerning costs in compliance with this order on or before February 1, 1995.

b. Plaintiff shall serve and file a response, if any, to defendant's affidavit concerning costs on or before February 10, 1995.

c. Thereafter, the issue of costs will be deemed submitted.